### INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY v. H. J. PHILLIPS.

#### Decided May 8, 1902.

**Negligence—Railway Company—Inspection of Cars.**

At a station which was the starting point of the train and a place of general inspection, plaintiff entered a car as a passenger and took a seat by an open window. After proceeding a short distance the car gave a lurch which caused the window sash to fall and crush plaintiff's fingers. The car was new, the window supplied with the best catches, and the sash would not fall if raised above the catches. A proper inspection, however, would have disclosed the unsafe condition of the window at that time. Held, that the question of negligence on the defendant company's part in failing to have the window inspected was for the jury, and that a verdict in plaintiff's favor was sustained by the evidence.

Appeal from Houston. Tried below before Hon. John Young Gooch.

*N. A. Steadman, John I. Moore,* and *G. H. Gould,* for appellant.

*Adams & Adams,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought by the appellee to recover of the appellant damages for personal injury received by the appellee while a passenger on one of the appellant's trains by a window falling upon his fingers. The case was tried by jury and resulted in a judgment in favor of the appellee for the sum of $500. The appellee entered the car at Palestine as a passenger and seated himself by an open window. Palestine is a place of general inspection, and the train upon which the appellee took passage left Palestine as its starting point. After the train had run some distance the car in which the appellee was riding gave a lurch at a low place in the track and swung over, when the window fell and mashed two fingers of appellee's right hand, with which he had caught hold of the window sill to support himself as the car lurched. It was shown by the evidence that the car was a new one and that the window was supplied with two locks and catches, the latest and best appliances for holding it up, and was all right and would not fall if raised above the catches. On new cars it is sometimes difficult to push the windows above the catches, and it took a little more strength than usual to raise the window in question.

Appellant requested the court to instruct the jury to return a verdict in its favor on the ground that the evidence failed to show negligence on its part or that of its agents or servants. This instruction was

properly refused because there was evidence from which the jury could infer negligence. Although the window was probably raised and left jammed and unsupported by the catches by some person other than an agent or servant of the appellant, yet it was the duty of the appellant to have the car inspected at Palestine, and a proper inspection would have disclosed the unsafe condition of the window. The evidence was sufficient to sustain the verdict. There was no error in refusing the special charge requested by the appellant upon the burden of proof. The instruction of the court upon that subject, taken in connection with other portions of the charge setting out what it was necessary for the appellee to prove to entitle him to recover, was sufficient. There could have been no prejudice to the appellant in the charge that the jury were the exclusive judges of the credibility of the witnesses, etc., in the usual form in a jury case.

There being no error in the record, the judgment of the court below will be affirmed.

*Affirmed.*